UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICARDO WILLIAMS, )
 )
        Plaintiff, )
 )
   v. ) No. 4:09-CV-775-DJS
 )
ST. LOUIS METROPOLITAN POLICE )
DEPARTMENT, et al., )
 )
        Defendants. )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ricardo Williams (registration no. 38793) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $28.70, and an average monthly account balance of $6.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.74, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants St. Louis Metropolitan Police Department, the Board of Police Commissioners, and "Other Unknown People."

Plaintiff alleges that he was punched and beaten by police officers on February 19, 2009. He claims that defendants fail to train and investigate patterns of police brutality.

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court finds that the complaint should be dismissed as legally frivolous. According to Missouri law, the Board of Police Commissioners and the St. Louis Metropolitan Police Department are not suable entities, and therefore, neither is a proper party defendant in this action. *See Crigler v. City of St. Louis*, 767 F.Supp. 197, 198 (E.D. Mo. 1991). Moreover, the St. Louis

3

Metropolitan Police Department is a state unit immune from prosecution under § 1983. *Id*.

Regarding the "Other Unknown People," the Court notes that fictitious parties generally may not be named as defendants in a civil action. *See Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific allegations that would permit the identity of the "Other Unknown People" to be ascertained after reasonable discovery. These particular defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $5.74 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the

case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order shall accompany this Order and Memorandum.

Dated this  27th  day of July, 2009.

>              /s/Donald J. Stohr          
>             UNITED STATES DISTRICT JUDGE